RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 7/14/14

UNITED SATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| LADAYTRON MANDEZ VINZANT | DOCKET NO. 14-CV-147; SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| CARA SMITH, ET AL. | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Pro se Plaintiff LaDaytron Mandez Vinzant filed the instant civil rights complaint pursuant to 42 U.S.C. §1983. Plaintiff is presently incarcerated at the Franklin Parish Detention Center in Winnsboro, Louisiana. He claims that, while at Lasalle Correctional Center, he was subjected to excessive force and denied proper medical care thereafter. He named as defendants Sandy Haworth, Carl Smith, Jeff Windham, and the "Medical Staff of LaSalle."

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Factual Allegations*

Plaintiff alleges that, on June 16, 2013, he advised a deputy that he needed a bottom bunk due to injuries sustained in a car accident in July of 2010. Moments later, he was informed that Sgt. Haworth wanted to speak with Plaintiff. Haworth "attempted to provoke" Plaintiff through repetitious questioning about his bottom bunk pass.

Sgt. Haworth then proceeded to spray Plaintiff with a chemical

agent called, "FOX." The spray went into his right ear. Plaintiff was then kicked and punched by several officers for a short period of time. [Doc. #9] Plaintiff was allowed to shower for five minutes, which made the pain from the chemical spray worse. He was then placed in segregation. Approximately 24 hours later, a nurse went into the segregation unit for pill call. Plaintiff asked for medical attention, but was refused. Finally, a few hours later, he was allowed to fully shower and "detox" his body from chemical agent. The following day Plaintiff was transferred to River Bend Detention Center.

Plaintiff was examined by a medical professional at River Bend, who informed Plaintiff that his ear cavity was severely swollen and would require medication.

Because a civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation, and may not simply rely on conclusory allegations, Petitioner was ordered to amend his complaint. See <u>Ashcroft v. Iqbal</u>, 556 U.S.662 (2009); <u>Schultea v. Wood</u>, 47 F.3d 1427, 1433 (5th Cir. 1995). He was instructed to state the name of each person who allegedly violated his constitutional rights; a description of what actually occurred or what each defendant did to violate Plaintiff's rights; the place and date that each event occurred; and, a description of the alleged injury sustained as a result of the alleged violation. In response, however, Plaintiff's amended complaint identifies and

provides factual allegations against only defendant Sgt. Haworth.

Additionally, as was stated in Plaintiff's order to amend, the "medical staff" is not an entity subject to suit. Plaintiff failed to identify any individuals that he claims denied him medical treatment.

## Conclusion

In summary, Plaintiff has failed to provide factual allegations involving individuals other than Sgt. Sandy Haworth. As such, **IT IS RECOMMENDED** that Plaintiff's complaint against all defendants other than Haworth be **DENIED** and **DISMISSED WITH PREJUDICE** under 28 U.S.C. §1915(e)(2)(B) and 1915A. The claim against Haworth will be served pursuant to a separate order from the court.

## Objections

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be

considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 14th day of July, 2014.

```
                                    JAMES D. KIRK
                                    UNITED STATES MAGISTRATE JUDGE
```